IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JUDY M. STAMPER, ) | |
| ) | |
| Plaintiff, ) | Civil No. 08-6335-HO |
| ) | |
| v. ) | ORDER |
| ) | |
| KAISER FOUNDATION HEALTH PLAN ) | |
| OF THE NORTHWEST, ) | |
| ) | |
| Defendant. ) | |

INTRODUCTION

Plaintiff Judy Stamper brings this employment discrimination claim against her former employer, Kaiser Foundation Health Plans of the Northwest (Kaiser), alleging that her rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621

1 - ORDER

*et seq.*, and the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2602 *et seq.,* were violated. [#1]. Plaintiff seeks injunctive relief; economic damages from March 12, 2007 and reinstatement of her job and her seniority or alternatively, an award of future lost wages and fringe benefits; noneconomic damages; punitive damages; attorney fees and reasonable costs aa well as any other legal or equitable relief the court deems proper. [#1-pp.8-9].

Defendant Kaiser moves for summary judgment on all plaintiff's claims or alternatively for summary judgment on plaintiff's claims for compensatory and punitive damages. [#20]. Kaiser argues that it did not violate plaintiff's statutory rights; that plaintiff exhausted all her FMLA leave before she was released to work on March 12. 2007; and that Kaiser did not violate her rights under the ADA but rather, went "above and beyond its legal obligations to try to help plaintiff find a position." [#22-p.2].

During oral argument on June 1, 2010, plaintiff agreed to dismiss her ADEA claim. Defendant's Motion for Summary Judgment is therefore considered only against plaintiff's remaining ADA and FMLA claims.

## DISCUSSION

1.  Standard for Summary Judgment:

Summary Judgment is not appropriate if a reasonable jury viewing the summary judgment record could find by a preponderance

of the evidence that the plaintiff is entitled to a verdict in his/her favor. *Cornwell v. Electra Cent. Credit Union,* 439 F.3d 1018, 1027-28 (9th Cir. 2006). A plaintiff alleging employment discrimination "need produce very little evidence in order to overcome an employer's motion for summary judgment. This is because the ultimate question is one that can only be resolved through a searching inquiry - one that is most appropriately conducted by a fact-finder, upon a full record." *Chuang v. Univ. Cal. Davis*, 225 F.3d 1115, 1123-24 (9th Cir. 2000)(quoting *TX Dept. of Cmty Affairs v. Burdine*, 450 U.S. 248, 256 (1981)).

In evaluating motions for summary judgment in the context of employment discrimination, the Ninth Circuit has emphasized "the importance of zealously guarding an employee's right to a full trial, since discrimination claims are frequently difficult to prove without a full airing of the evidence and an opportunity to evaluate the credibility of the witnesses." *McGinest v. GTE Serv. Corp.,* 360 F.3d 1103, 1112 (9th Cir. 2004).

2. Undisputed Facts:

Plaintiff was hired by Kaiser as a Nurse practitioner (NP) on November 11, 1985, and worked at Kaiser's Skyline Center (Skyline), in Salem, Oregon, where she provided medical care for Kaiser member patients. [#21-p.1; #36-p.1; #37-Ex.8 and Ex. 14; #47-p.2]. Plaintiff held an exempt, salaried position designated

3 - ORDER

as a 0.9 Full Time Equivalent (FTE) or a four 9-hour-days per week position, the terms of which were covered by a Collective Bargaining Agreement (CBA). *Id.*

Beginning April 2005, plaintiff began suffering from Cramp Fasciculation Syndrome, Type 2 Muscle Fiber Atrophy, an unspecified neuromuscular condition that caused muscular pain, cramping, fasciculation (involuntary twitching) and fatigue sufficient to make walking difficult. [#21-p.2; #36-p.2; #39-p.2; #47-p.3]. Plaintiff took her first medical leave of absence (MLOA), for this condition from May 4 to July 4, 2005. *Id.* Plaintiff returned to work July 4, 2005 on a part-time basis although she was paid her full time salary. *Id.*

When plaintiff took her second MLOA under FMLA, on May 6, 2006[1], her supervisor was Hal McMillan[2]. [#21-p.2; #36-pp.2-3; #47-pp.3-4]. Although plaintiff planned to return to her position upon her medical release to work, Mr. McMillan sent out a letter to plaintiff's patients stating that her last day at Skyline was May 1, 2006, because plaintiff was "phasing out her primary care practice". [#21-p.2; #36-pp.2-3; #37-Ex.3; #39-p.3; #47-pp.3-4]. Plaintiff's treating physician released her to

---

[1] Plaintiff's MLOA under FMLA expired on July 31, 2006, before she was released by her physician to return to work.

[2] Mr. McMillan's supervisor in May, 2006, was Eileen Brown who retired and was replaced by Dennis Rouse in August, 2006. [#21- ¶6]. Mr. McMillan retired and was replaced by Kimberly Wideman in October, 2006. *Id.*

4 - ORDER

return to work on March 12, 2007, however, at that time plaintiff's position no longer existed.  [#21-p.2; #36-p.3; #47-pp.4-5].

In March, 2007, Ms. Wideman explained to plaintiff that her position at Skyline was no longer available and provided plaintiff with a list of available Kaiser jobs including two available NP positions in Portland.  [#21-p.3; #36-p.8; #47-p.10].  There were no NP positions available with Kaiser until February, 2008, when Ms. Wideman informed plaintiff by letter of the positions and encouraged her to apply for them.  [#21-pp.3-4; #36-pp.8-9; #47-p.10].

Northwest Permanente PC (Permanente) credentials Kaiser health care providers, hiring those properly credentialed as Kaiser health care providers.  [#21-p.3; #36-pp.7-8; #47-p.9].  Because Permanente had 'closed' plaintiffs credentials in May, 2007, she was not re-credentialed to work as a NP for Kaiser until late October, 2007, subsequent to the regularly scheduled credentialing committee meeting.  [#21-p.4; #36-pp.9-10; #47-p.11-12].

Plaintiff filed a complaint with the Bureau of Labor and Industries (BOLI) on August 17, 2007 alleging disability and age discrimination.  [#37-Ex.14].  She filed this federal action on October 24, 2008.  [#1].

3.    Family Medical Leave Act claim:

The FMLA creates two interrelated substantive rights for employees of covered employers. *Xin Liu v. Amway Corp.,* 347 F.3d 1125, 1132 (9th Cir. 2003).  First, an employee has the right to take up to twelve weeks of leave during any twelve-month period for reasons specified by the statute.  29 U.S.C. § 2612(a). Second, an employee who takes FMLA leave has the right, upon return from leave, to be restored to his or her original position or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment.  29 U.S.C. § 2614(a). To protect these rights and the exercise of them, the FMLA prohibits an employer from interfering with, restraining or denying exercise of or the attempt to exercise any right provided by the FMLA.  29 U.S.C. § 2615(a)(1).

Defendant claims that plaintiff's position was eliminated in August, 2006.  Plaintiff claims Mr. McMillan effectively eliminated her job in June, 2006, when he sent out the letter to her patients.  Thus the parties disagree on whether her position was eliminated while she was on FMLA protected leave.

Under the FMLA, it is unlawful for an employer to use taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions.  *Bachelder v. Am. W. Arlines, Inc.,* 269 F.3d 1112, 1122 (9th Cir. 2001); see also 29 C.F.R. § 825.2209(c).  It is well established in the Ninth

6 - ORDER

Circuit that an employer basing an adverse employment decision upon an employee's use FMLA leave, interferes with the employee's exercise of FMLA rights in violation of section 2615(a)(1). *Id.* at 1122-23. Indeed, close temporal proximity between protected leave and a decision to eliminate a position may alone be enough to ward off summary judgment. *Reid v. Smithkline Beecham Corp.,* 366 F.Supp.2d 989, 998 SD Cal. 2005).

The parties do not dispute that plaintiff's protected leave under the FMLA ended July 31, 2006. This action was filed on October 24, 2008. An FMLA violation action must be brought not later than 2 years after the "date of the last event constituting the alleged violation for which the action is brought". 29 U.S.C. § 2617(c)(1). However, 29 U.S.C. 2617(c)(2) provides for a 3-year statute of limitations for willful violations of section 2615 rights.

Given the factual disputes that exist with regard to the material circumstances surrounding the elimination of plaintiff's position, I find that summary judgment is inappropriate for this claim at this time.

4.  <u>Americans with Disabilities (ADA) claim:</u>

In order to establish a viable ADA claim, a plaintiff must establish that she is a qualified individual[3] with a disability

---

[3]     A qualified individual is one who can perform all the essential functions of the job either with or without a reasonable accommodation. 42 U.S.C. §12111(8).

7 - ORDER

as defined by the ADA and suffered an adverse employment action because of that disability.  42 U.S.C §12112(a).

Plaintiff argues that Kaiser violated her rights under the ADA by failing to engage in a good faith interactive process of accommodation as envisioned by the statute.  [#1-p.7].  Plaintiff argues that this lack of good faith is demonstrated by: (1) Kaiser failing to tell her (or her union representative), that her position was eliminated until more than 8 months after the fact, despite multiple discussions between the parties about her job status; (2) Kaiser offering her a job in the North Lancaster clinic that either failed to materialize or was never a reality; and (3) constructively discharging plaintiff when she was not called back to work after her supervisor sent her home on October 5, 2007[4].  [#1-p.7].  Plaintiff requests economic damages, non-economic damages and punitive damages as a result of Kaiser's alleged violations.  *Id.*

Kaiser does not dispute that plaintiff is disabled or qualified[5].  Kaiser essentially argues that plaintiff cannot

---

[4]  Plaintiff began this position with Kaiser on September 17, 2007, replacing Ms. Burton, a NP on maternity leave.  Plaintiff claims that the position was scheduled to last until December 17, 2007, with the possibility of extensions.  Plaintiff also contends that this position did become open subsequent to Ms. Burton electing not to return to work from her maternity leave.

[5]  Although it appears plaintiff was not immediately credentialed by Kaiser for the jobs it offered to her, given that she was de-credentialed in May 2007 and not re-credentialed until late October 2007.

8 - ORDER

establish any adverse employment action by Kaiser which violated the ADA because there was no accommodation available or possible since plaintiff's job was already gone; her position was eliminated, subsumed by Skyline budgetary changes.

The elements of handicap discrimination are (1) a handicap, (2) a qualified employee, and (3) failure of the employer to take affirmative measures to make known suitable job opportunities to the plaintiff and to determine whether he or she is qualified for those positions. *Nada-Rahrov v. The Neiman Marcus Group Inc.,* 166 Cal.App.4th 9522, 964 (2008).  A defendant moving for summary adjudication of a discriminatory discharge cause of action has the burden of showing that the cause of action lacks merit because one or more elements cannot be established - either the plaintiff was not discharged because of a disability or the plaintiff could not perform the essential functions of the job with or without accommodation - or there is a complete defense to the cause of action.

Kaiser had a duty to provide plaintiff with a reasonable accommodation.  This means taking affirmative steps to move plaintiff, a disabled worker, into existing vacancies or open positions by informing plaintiff of future jobs, performing any relevant capabilities testing for those open positions, encouraging her to apply for vacant positions that she could perform and affirmatively assisting her in applying for those

9 - ORDER

positions. *Curtis v. Security Bank of Washington,* 69 Wash. App. 12, 16-17 (1993). *Id.* Kaiser cannot avoid those responsibilities by simply eliminating her position even for reasons unrelated to plaintiff's disability.

I find there are sufficient factual disputes about the course of events and the parties' actions particularly involving the accommodation meetings, what was proposed to plaintiff as well as what she represented to her employers about her availability, her request(s) for accommodation and the circumstances around the elimination of her position, to preclude summary judgment for this claim.

### E.  **Punitive Damages claim:**

Kaiser moves alternatively for summary judgment on plaintiff's claims of compensatory and punitive damages, arguing that her acceptance of a job with Salem Hospital was conduct that would have resulted in termination had Kaiser known of it and therefore cut off any right she might have had to damages at that point. [#22-pp27-28]. Kaiser further argues that because there is no valid evidence of malice or reckless indifference on Kaiser's part, plaintiff's claim for punitive damages should be dismissed. [#22-pp.28-29].

Plaintiff's pleadings in opposition to defendant's Motion for Summary Judgment are unfortunately silent on this topic. Her complaint does seek compensatory and punitive damages. [#1-

10 - ORDER

pp.7-9].

    Damages in intentional discrimination in employment are defined in 42 U.S.C. §1981a(b). The statute states that "[a] complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision), if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. §1981a(b)(1). Those damages are limited to an aggregate of $300,000 for an employer of over 500 employees such as Kaiser. 42 U.S.C. §1981a(b)(3).

    Case law makes clear that retaliation is, by definition, a form of discrimination because the complainant is subjected to differential treatment. *Jackson v. Birmingham Bd. of Educ.,* 544 U.S. 167, 173-74 (2005). The Ninth Circuit has established that ADA retaliation claims are treated similarly to Title VII retaliation claims and therefore a claim of employment discrimination under the provisions of Title I of the ADA entitle a prevailing plaintiff to the remedies available under Title VII of the Civil Rights Act of 1964, as amended by the Act of 1999. See 42 U.S.C. §12117; see also *Kotewa v. Living Independence Network Corp,* 2007 WL 676681 (D.Idaho)(adopting as its own the "well-reasoned analysis" of *Edwards v. Brookhaven Science Assoc.,*

11 - ORDER

390 F.Supp. 2d 225, 235-36 (E.D.N.Y. 2005)).

Thus, in an employment discrimination case where the employer displays malice or reckless indifference, compensatory and punitive damages are available under the ADA. *Kotewa v. Living Independence Network Corp.,* 2007 WL 676681, *3 (D.Idaho). An employer must at the least, discriminate in the face of a perceived risk that its actions will violate a federal law to be liable in punitive damages. *Kolstad v. American Dental Assoc.,* 527 U.S. 526, 536 (1999).

Plaintiffs may be awarded compensatory damages for the following injuries: "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." 42 U.S.C § 1981a(b)(3). A victim's testimony alone is a sufficient basis on which to award compensatory damages for emotional pain and suffering. *Chalmers v. City of Los Angeles,* 762 F.2d 753, 761 (9th Cir. 1985). The statutory cap for compensatory and punitive damages is $300,000 per claimant for an employer (such as Kaiser), with more than 300 employees. 42 U.S.C.1981a(b)(3)(D).

The purpose of awarding damages in employment discrimination cases is to make the victim whole for injuries suffered on account of unlawful employment discrimination. *Albemarle Paper Co. V. Moody,* 422 U.S. 405, 418 (1975). Accordingly compensatory damages are subject to the limitations set forth in 42 U.S.C.

12 - ORDER

§1981a(b)(2) and (3), may be allowed by the court based on the evidence presented.

Viewing the evidence in the light most favorable to plaintiff, the nonmoving party, I find it highly unlikely that plaintiff will provided evidence sufficient to show intentional discriminatory malice or reckless indifference on the part of Kaiser.  However, given both the parties disagreement over the material facts surrounding plaintiff's position elimination, and the letter sent to plaintiff's patients by her supervisor almost immediately upon plaintiff taking her second MLOA, I find these factual disputes are more appropriately decided by a trier of fact than by a blanket denial of punitive and compensatory damages at this stage of litigation.

## CONCLUSION

For the reasons detailed above, defendant Kaiser's Motion for Summary Judgment on all claims and it's alternative motion for summary judgment on plaintiff's damage claims is DENIED. [#20].

IT IS SO ORDERED

DATED this   2ND   day of July 2010.


                                    s/ Michael R. Hogan
                              UNITED STATES DISTRICT JUDGE